# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SANDRA ARMENTA GARCIA, et al. <br><br> Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR LEAVE TO FILED AMENDED COMPLAINT** <br><br> Case No. 2:09-cv-890 DAK BCW <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Brooke Wells |

Plaintiff J&J Sports Productions, Inc. moves this Court for leave to file an amended complaint to "add certain parties as defendants and dismiss Defendant Genessis, LLC as a party."[1] Also before the Court is Plaintiff's motion to vacate the current scheduling order.[2] As outlined below, the Court GRANTS Plaintiff's motions.

Plaintiff filed this case over a year ago in April 2009. Plaintiff alleges that the Defendants unlawfully intercepted an electronic communication—a championship boxing match broadcast on November 18, 2006 on "pay-per-view" cable television. At the time of filing the Complaint Plaintiff "believed that the operator of the business was Genessis, LLC dba Mi Ranchito Mexican Restaurant as it was listed with the State of Utah as having its principal place of business at [Defendants' address]."[3] Now plaintiff "seeks to amend its Complaint 1) to

---

[1] Mtn. for leave to file p. 1, docket no. 19.
[2] Docket no. 20.
[3] Mtn for leave to file p. 2.

1

dismiss Genessis, LLC and 2) to add as new parties Defendants M.A.S.B., LLC and Rodrigo B. Armenta."[4]

As a preliminary matter the Court notes that "Defendants do not oppose the Plaintiff's motion to dismiss Defendant Genessis, LLC."[5] Defendants, however, do oppose the addition of new parties.

Rule 15(a) provides that a party may amend the pleadings after the time has run to do so "only with the opposing party's written consent or the court's leave."[6] Leave should be freely given when justice so requires.[7] As noted by the Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require be 'freely given.'[8]

Plaintiff argues that although the deadline for adding parties under the current scheduling order has passed, there will not be any prejudice to the parties because the dispositive motion deadline is not set until August 31, 2010 and pre-trial disclosures are not due until December 2010. Next, Plaintiff argues that there only need be a "moderate extension of the deadlines in the Scheduling Order"[9] to allow this case to be decided on its merits rather than on some technicality.

---

[4] *Id.* at p. 3.
[5] Op. p. 2.
[6] *Id.*
[7] *See id.*
[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[9] Mtn for leave to file p. 5.

2

In opposition, Defendants argue that Plaintiff was not diligent in investigating who were the proper defendants in this matter. Public Records could have easily shown Plaintiff who were the proper defendants. Given that both the deadline to amend and the deadline to complete discovery has passed, Defendants allege Plaintiff's motion is untimely and therefore should be denied. In support thereof, Defendants rely on *Kelly v. Hard Money Funding, Inc*.[10] a case from the Utah Court of Appeals. Defendants point to the three-pronged test used in *Kelly*, and by many other Utah courts, in determining whether a motion to amend is proper. These three prongs are timeliness, prejudice and justification.

Here, it is clear that Plaintiff's motion does come quite late in the case. Discovery has concluded and the deadline to amend the pleadings has passed. But, trial is still months away and the dispositive deadline has yet to pass. In contrast, those cases cited to by the Utah Court of Appeals in *Kelly* were in much later stages of the case.[11] Therefore, the Court finds this factor weighs only slightly in favor of Defendants.

Next, the Court finds there is no prejudice to Defendants by allowing Plaintiff to amend. After Defendant Genessis, LLC is released from this case, only one Defendant remains Sandra Armenta Garcia. Sandra Armenta Garcia is a member of the proposed new Defendant M.A.S.B.,

---

[10] 87 P.3d 734, 2004 UT App 44.
[11] *See, e.g.*, *Fishbaugh v. Utah Power & Light*, 969 P.2d 403, 408-09 (Utah 1998) (upholding the denial of a motion to amend where the motion was filed following two different continuances of the trial date, and only forty-four days before the third scheduled trial date); *Neztsosie v. Meyer*, 883 P.2d 920, 922 (Utah 1994) (upholding the denial of a motion to amend where the motion was filed one month after summary judgment had already been granted); *Pride Stables v. Homestead Golf Club*, 2003 UT App 411,¶ 19, 82 P.3d 198 (upholding the denial of a motion to amend where the motion was filed "over ten years since discovery was completed"); *Hill v. State Farm Mut. Auto. Ins. Co.*, 829 P.2d 142, 149 (Utah Ct.App.1992) (upholding the denial of a motion to amend where the motion was filed after "summary judgment had been granted once by the district court, an appeal heard by the Utah Supreme Court, and a second motion for summary judgment filed by State Farm with the district court"); *Regional Sales Agency, Inc.*, 784 P.2d at 1217 (upholding the denial of a motion to amend where the motion was filed on the day before trial).

LLC so there would be no surprise to Mrs. Garcia regarding the allegations in this case.[12] Further, it is highly likely that the other proposed new Defendant, Rodrigo B. Armenta, is already aware of this case and he would suffer no prejudice if given sufficient time to adequately defend this matter. This factor therefore weighs in favor of Plaintiff.

Finally, in response to Defendants arguments, Plaintiff states that it was not clear who was the appropriate Defendant "until Defendant filed Supplemental Initial Disclosures dated March 14, 2010, one day before the discovery deadline, imitating that Genessis, LLC was not responsible because it was not organized until after the date of the unlawful interception."[13] There is nothing before the Court to dispute this assertion. Therefore, the Court finds that the delay in this case was justifiable.

As outlined above, given the circumstances in this case the Court finds it is appropriate to allow Plaintiff an opportunity to amend the Complaint. Plaintiff's motion for leave to amend is therefore GRANTED. The Court further finds that Plaintiff has demonstrated good cause to modify the schedule pursuant to Rule 16(b)(4). The Court therefore GRANTS Plaintiff's motion to vacate scheduling order.[14]

Plaintiff is HEREBY ORDERED to serve a copy of the new complaint and summons upon all alleged Defendants within thirty (30) days from the date of this order.

---

[12] *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)).
[13] Reply p. 2-3.
[14] Docket no. 20.

The parties are FURTHER ORDERED to submit a new proposed joint schedule in accordance with the Court's scheduling policies[15] within twenty (20) days of Defendants' answer to the new complaint.

DATED this 29th day of June, 2010.

BY THE COURT:

Magistrate Judge Brooke Wells

---

[15] The Court's scheduling policies can be found online at http://www.utd.uscourts.gov/documents/ipt.html.